Edgar D. CRUMPACKER, et al., Plaintiffs,

v.

Owen W. CRUMPACKER, et al., Defendants.

No. H 75–0212.

United States District Court,
N. D. Indiana,
Hammond Division.

March 17, 1982.

Gregory Reising, Gary, Ind., for plaintiffs.

Fred Donnersberger, Hammond, Ind., Robert Welsh, Chesterton, Ind., Joseph Reid, Hammond, Ind., for defendants.

James Crumpacker, pro se.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:*

On January 20, 1982, this Court issued its Memorandum Opinion and Order adopting the Proposed Findings of Fact and Law made by Magistrate John W. Cooley sitting as a special master in this matter and ordered that certain property held by the garnishee defendants Mercantile National Bank and the Clerk of the Court for the Northern District of Indiana be applied to satisfy the damage award returned against defendant Owen Crumpacker on May 12, 1980. The adopted Findings of Fact provide, *inter alia*, that on June 27, 1980, Judge McNagny ruled on plaintiffs' equitable claims, determined the parties' ownership interests in certain tracts of land and or-dered distribution of the amounts determined in the condemnation proceedings held in Trust No. 2805, in accordance with the parties' percentage interests. In their "Comment" to the Magistrate's Proposed Findings, plaintiffs requested that the Court order the garnishee defendants to remit not only the funds awarded to plaintiffs in the May 12, 1980, jury verdict, but also the proceeds of condemned land awarded in Judge McNagny's equitable decision.

In footnote 4 of our January 20, 1982, order, we denied plaintiffs' request regarding remission of funds owed to them as a result of the condemnation proceedings. Our decision was based on the application of Indiana Trial Rule 69(E) which requires that requests for enforcement of judgments against a garnishee be by verified motion or affidavit and that the judgment debtor and the garnishee either appear before this Court to answer the plaintiffs' allegations or answer interrogatories submitted by plaintiffs, or both. As plaintiffs had filed neither verified motion nor affidavit concerning the June 27 equitable award and as the judgment and garnishee defendants had no opportunity to respond to plaintiffs' request, that request was denied.

This matter is now before the Court on plaintiffs' "Motion for Relief from Memorandum Opinion and Order, Footnote 4, Dated January 20, 1982." The plaintiffs request that we vacate footnote 4 and order the Mercantile National Bank as Trustee of Trust No. 2805, and the Clerk of the United States District Court, Northern District of Indiana, to pay to plaintiffs the portion of the funds belonging to them, in accordance with Judge McNagny's equitable order. In support of their motion, plaintiffs argue that Indiana Trial Rule 69(E) provides the requisite procedure for a garnishor to at-

---

* On August 12, 1980, Owen W. Crumpacker, a defendant herein, and his wife, Eleanor Mary, named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. *Crumpacker v. Civiletti*, Hammond Civil No. H 80–451 (N.D. Indiana). As a result, the Honorable Phil M. McNagny, Jr., who originally presided over this action, as well as the other judges in this district, have recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving Owen and Eleanor Crumpacker. On September 16, 1980, the Honorable Thomas E. Fairchild, Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen and Eleanor Crumpacker.

tach funds belonging to a judgment debtor but held by a third party garnishee. Plaintiffs point out, however, that in connection with Judge McNagny's June 27, 1980, equitable award which determined the parties' relative interests in certain tracts, plaintiffs are not attempting to attach money belonging to a judgment debtor and held by a third party garnishee. Rather, plaintiffs are seeking payment of their own money which is held by the third party defendants.

We have reviewed Indiana Trial Rule 69(E) and are now persuaded that the plaintiffs' interpretation of that rule is correct. Accordingly, plaintiffs' motion is granted, and the Mercantile National Bank, as Trustee of Trust No. 2805, and the Clerk of the United States District Court, Northern District of Indiana, are ordered to pay to plaintiffs the portion of the funds belonging to them, in accordance with Judge McNagny's order of June 27, 1980, by remitting the appropriate sums to attorneys Gregory S. Reising and Allan J. Mindel, and all named payees, to the law offices of Reising and Mindel, 607 South Lake Street, Gary Indiana 46403. It is so ordered.

